UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANTWOYN SPENCER,

      Petitioner,

v.

WARDEN T.J. WATSON,

      Respondent.

Case No. 17-CV-3999 (SRN/LIB)

REPORT AND RECOMMENDATION

---

Petitioner Antwoyn Spencer was convicted in this District on cocaine-distribution and money-laundering offenses; he was sentenced to a total of 324 months imprisonment, See, United States v. Spencer, No. 07-CR-0174 (JRT/JJG), and his conviction and sentence were affirmed on appeal. See, United States v. Spencer, 592 F.3d 866 (8th Cir. 2010). After his conviction became final, Petitioner filed a bevy of motions attacking the validity of his conviction, including motions brought pursuant to 28 U.S.C. § 2255. Each of these challenges was rejected given the repeat filings, and indeed, restrictions were imposed upon him in his criminal proceedings. Spencer, No. 07-CR-0174, ECF No. 408 at 2. (D. Minn. Aug. 17, 2012).

Further, while Petitioner was serving his sentence at the Federal Correctional Institution at Greenville, Illinois, he again repeatedly sought habeas corpus relief on the grounds that his conviction was invalid. Each time, his petitions were dismissed for lack of jurisdiction; Spencer could proceed on his claims, if at all, only pursuant to § 2255, not through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as he was doing. See, Spencer v. Cross, No. 13-CV-1133 (DRH), 2013 WL 6196555 (S.D. Ill. Nov. 26, 2013); Spencer v. Cross, No. 14-CV-0056 (DRH), 2014 WL 509522 (S.D. Ill. Feb. 10, 2014); Spencer v. United States, No. 14-CV-0756

(DRH), 2014 WL 3635304 (S.D. Ill. July 23, 2014); Spencer v. Cross, No. 14-CV-0893 (DRH), 2014 WL 4457301 (S.D. Ill. Sept. 10, 2014); Spencer v. Cross, No. 14-CV-935 (DRH), 2014 4637004 (S.D. Ill. Sept. 17, 2014). Eventually, the Petitioner's repeated filing led to the United States District Court for the Southern District of Illinois imposing a $500.00 fine and prohibiting him from initiating new civil litigation (including habeas corpus litigation) until that fine was paid. See, Spencer v. Cross, No. 14-CV-0983 (DRH), 2014 WL 4979856, at *2-3 (S.D. Ill. Oct. 6, 2014).

Prison officials then transferred Petitioner to the Federal Correctional Institution at Pekin, Illinois, a facility located within the Central District of Illinois. Here the process of repeated filings began anew, with Petitioner filing three more petitions for a writ of habeas corpus. See, Spencer v. Krueger, No. 1:15-CV-1320 (JES) (C.D. Ill. filed Aug. 5, 2015); Spencer v. Krueger, No. 1:16-CV-1043 (JBM) (C.D. Ill. filed Feb. 3, 2016); Spencer v. Krueger, No. 1:16-CV-1113 (MMM) (C.D. Ill. filed Apr. 13, 2016). Again, all three petitions were dismissed for lack of jurisdiction.

Petitioner has now returned to Minnesota, where he is incarcerated at the Federal Correctional Institution in Sandstone. On April 27, 2017, he filed yet another petition for a writ of habeas corpus, this time arguing that the crimes for which he was convicted had not been adequately presented to the grand jury. See, Spencer v. Watson, No. 17-CV-1381 (WMW/DTS) (D. Minn. filed Apr. 27, 2017). This petition, like all the others, was dismissed for lack of jurisdiction:

> As Spencer surely knows by this time, "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). If a federal prisoner brings his claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing *Hill*); *see also* 28 U.S.C. § 2255(e) (a habeas petition from a federal prisoner "shall not be

entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). The court of incarceration "has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1090. The "inadequate or ineffective" language in 2255(e) is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because it can save a § 2241 habeas petition from being dismissed. The prisoner has the burden of establishing that § 2255 is inadequate or ineffective. *Hill*, 349 F.3d at 1091.

For a prisoner to establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959 (citing *Hill*). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); *see also Abdullah*, 392 F.3d at 959. Notably for purposes of this case, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *Lurie*, 207 F.3d at 1077-78).

After filing multiple § 2241 petitions in the Southern District of Illinois, Spencer has now filed a § 2241 petition here where he was sentenced and is currently incarcerated. . . . [T]he Eighth Circuit has established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. Despite his burden, Spencer has made no effort to show that the savings clause is applicable in his case and the Court finds no basis after careful review of the petition. Because the savings clause is not applicable, Spencer's current § 2241 habeas corpus petition is barred by the exclusive remedy provision of § 2255(e), and this action must be summarily dismissed for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); *Abdullah*, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Spencer, No. 17-CV-1381 (WMW/DTS), Docket No. 4 at 3-5 (D. Minn. entered June 12, 2017) (some citations and quotations omitted).

Within two weeks of the dismissal of that April 2017, habeas petition, Petitioner filed the present Petition for Writ of Habeas Corpus currently before the Court. This most recent Petition raises claims identical to those raised in his earlier petition.[1]

There is nothing more to say that has not already been said during the numerous prior habeas proceedings initiated by Petitioner. A habeas corpus petition is not an appropriate vehicle for challenging the validity of a conviction or sentence unless § 2255 is inadequate to the task. That Spencer must now seek authorization from the Eighth Circuit before pursuing relief under § 2255 does not render that provision inadequate or ineffective. This Court cannot consider the merits of the present habeas corpus petition. It must be dismissed for lack of jurisdiction like the rest.

One final warning is warranted. As recognized by previous Courts, Petitioner has persisted in frivolous litigation time and again, here and elsewhere. Courts twice have been compelled to levy fines, impose restrictions on filing, or both in an attempt to stave off the repetitive, meritless motions or petitions. Although prisoners, like all litigants, have a right of access to the courts, that right does not extend to the filing of frivolous, malicious, or duplicative documents. See, In re Tyler, 839 F.2d 1290 (8th Cir. 1988). Should Petitioner persist in filing petitions raising the very same claims as were rejected previously, he may very well once again find himself subject to further filing restrictions, fines, or both.

---

[1] The petition comes before this Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although this petition is not governed by § 2254, the Rules Governing Section 2254 Cases nevertheless apply. See, Rule 1(b).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Any appeal from the dismissal of this action be certified as taken not in good faith. See, Fed. R. App. P. 24(a)(3).


Dated: September 19, 2017          s/Leo I. Brisbois
                                   Leo I. Brisbois
                                   United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).