UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antwoyn Spencer,  File No. 17-CV-3999 (SRN/LIB)

  Petitioner,  AMENDED
   ORDER ADOPTING REPORT
v.   AND RECOMMENDATION

Warden T.J. Watson,

  Respondent.

---

Antwoyn Spencer, Reg. No. 14781-041 K, Federal Correctional Institution, P.O. Box 1000, Sandstone, Minnesota 55072, *Pro Se*.

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated September 20, 2017 [Doc. No. 2]. In the R&R, Magistrate Judge Brisbois recommends that: (1) Petitioner Antwoyn Spencer's Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] be dismissed without prejudice for lack of jurisdiction; and (2) any appeal from the dismissal of this action be certified as taken not in good faith. Petitioner filed Objections to the R&R ("Pet'r's Obj.") [Doc. No. 3], and Respondent filed a Response to Petitioner's Objections ("Resp't Resp.") [Doc. No. 4]. Based on a *de novo* review and for the reasons set forth below, the Court

overrules Petitioner's Objections and adopts the R&R, as modified below, imposing restrictions on Petitioner's ability to file subsequent petitions for habeas relief before the Court.

## I. BACKGROUND

The R&R documents in detail the relevant and procedural background of this case, and the Court incorporates it herein by reference. Briefly stated, Petitioner was convicted in this District of cocaine distribution and money laundering offenses. (R&R at 1.) He was sentenced to a term of imprisonment of 324 months, and both his conviction and sentence were affirmed by the Eighth Circuit on January 21, 2010. (*Id.*; *see United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010).)

After his conviction became final, Petitioner filed a timely motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* Mot. Under § 2255, File No. 07-cr-00174 (JRT-JJG) [Doc. No. 338].) On April 15, 2011, Petitioner's motion was denied. (Order, File No. 07-cr-00174 (JRT-JJG) [Doc. No. 363].) Thereafter, Petitioner began filing repeated motions attacking the validity of his conviction, and each was rejected. (*Id.*) In August of 2012, Petitioner's incessant filing—by then totaling more than two dozen *pro se* submissions since his conviction was affirmed—was deemed abusive by a district court within this District, and restrictions on Petitioner's ability to file motions in his criminal case were imposed:

> In light of Defendant's extensive record of frivolous filings in this matter, the Court finds that it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Defendant. Therefore, any written materials hereafter received from Defendant shall be presented to the Court without

being filed. The Clerk of Court shall not file, or respond to, any future submissions from Defendant, except as directed by the Court.

(Order, File No. 07-cr-00174 (JRT-JJG) [Doc. No. 408].)[1]

Petitioner's filings did not stop. After he was transferred to a correctional institution in Greenville, Illinois, he again repeatedly filed habeas corpus petitions attacking the validity of his conviction. (R&R at 1.) Each time, his petitions were dismissed for lack of jurisdiction. (*Id.* at 1–2 (listing cases).) Petitioner's repeated filings again led to restrictions and sanctions. (*Id*. at 2.) In October of 2014, the United States District Court for the Southern District of Illinois imposed a $500.00 fine and prohibited Petitioner from initiating new civil litigation, including habeas petitions, until he paid the fine. (*Id.*; *see Spencer v. Cross*, No. 14-cv-00983-DRH, 2014 WL 4979856, at *2–3 (S.D. Ill. Oct. 6, 2014).) Undeterred, after being transferred to a correctional facility located in the Central District of Illinois, Petitioner again filed a litany of habeas corpus petitions—and again all were dismissed for lack of jurisdiction. (*See* R&R at 2 (collecting cases).)

Now, after being transferred to a correctional facility in Sandstone, Minnesota, Petitioner began filing habeas corpus petitions in this District once more. Since April of 2017, Petitioner has now filed two successive petitions for a writ of habeas corpus,

---

[1] After that warning, the Clerk of Court in this District sent at least one letter to Petitioner returning another motion that he filed pursuant to 28 U.S.C. § 2255. (Clerk's Letter, File No. 07-cr-00174 (JRT-JJG) [Doc. No. 430].) In the letter, the Clerk's office again advised Petitioner that he must seek pre-authorization directly from the Eighth Circuit before filing a "successive" § 2255 motion, and that successive motions not accompanied by such pre-authorization could not be entertained by courts in this District. (*Id.*; *see also Boykin v. United States*, No. 99–3369, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) ("Because Boykin failed to comply with the certification requirement [for filing a second or successive § 2255 motion], the district court lacked the power and authority to entertain Boykin's motion.").)

including this one. The Honorable Wilhelmina M. Wright dismissed the first one for lack of jurisdiction, adopting entirely the magistrate judge's Report and Recommendation and overruling Petitioner's objections. *Spencer v. Watson*, No. 17-cv-1381 (WMW/DTS), 2017 WL 3484885 (D. Minn. Aug. 14, 2017).

In that dismissal, the court reiterated to Petitioner that "[a]s [he] surely knows by this time, 'a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241.'" (Report and Recommendation at 3, File No. 17-cv-01381 (WMW/DTS) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)) [Doc. No. 4].) The dismissal further noted that Petitioner's petition was clearly "another second or successive § 2255 petition," (*id.* at 5), and that Petitioner had been previously advised that "inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure," i.e., by labeling their petition as one brought under § 2241. (*Id.* at 4 (quoting *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005)).) The dismissal also indicated that although the court had considered transferring the case to the Eighth Circuit so that Petitioner could properly obtain pre-authorization there, in light of Petitioner's litigation history, as well as "the warning he previously received regarding filing second or successive petitions in this district without obtaining preauthorization," the court declined to transfer the case. (*Id.*)

Despite the many warnings—by multiple courts—to cease filing identical motions and petitions, within two weeks of Judge Wright's dismissal of his April 2017 habeas

4

petition, Petitioner filed the present petition raising identical claims. (R&R at 4.) Magistrate Judge Brisbois considered the petition, and recommended that: (1) it be dismissed without prejudice for lack of jurisdiction; and (2) any appeal from the dismissal be certified as taken not in good faith, citing Fed. R. App. P. 24(a)(3). (*Id.* at 5.) Magistrate Judge Brisbois also issued another final warning: "[s]hould Petitioner persist in filing petitions raising the very same claims as were rejected previously, he may very well once again find himself subject to further filing restrictions, fines, or both." (*Id.* at 4.)

Petitioner timely filed an Objection to the R&R. (*See* Pet'r's Obj.) Petitioner makes general allegations that this Court has jurisdiction over his habeas petition pursuant to 28 U.S.C. § 1331 and § 2241. (*Id.*) The Government responded, urging this Court to adopt Magistrate Judge Brisbois's September 20 R&R in its entirety. (Resp't Resp.)

## II. DISCUSSION

The district court must undertake an independent, *de novo* review of those portions of the R&R to which Defendant objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. LR 72.2(b)(3).

Based on a *de novo* review of Petitioner's habeas corpus petition, this Court agrees with the Magistrate Judge that "[t]here is nothing more to say that has not already been said during the numerous prior habeas proceedings initiated by Petitioner. A habeas corpus petition is not an appropriate vehicle for challenging the validity of a conviction or sentence unless § 2255 is inadequate to the task." (R&R at 4.) And that Petitioner must now obtain authorization from the Eighth Circuit to file another § 2255 petition "does not render that

5

provision inadequate or ineffective." (*Id.*) Thus, despite Petitioner's general allegations invoking federal jurisdiction, (*see* Pet'r's Obj.), his petition must be dismissed for lack of jurisdiction. *See, e.g.*, *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015) (holding that motion was second or successive § 2255 motion that had to be certified by Court of Appeals pursuant to 28 U.S.C. § 2255(h)).

Thus, this Court adopts Magistrate Judge Brisbois's R&R in its entirety with one modification. Although the R&R included a warning to Petitioner that he may be subject to restrictions, fines, or both should he persist in filing petitions raising the very same claims as were rejected previously, (R&R at 4), in light of this District's prior warnings to Petitioner and the Clerk of Court's previous letter returning to him a § 2255 motion filed without pre-authorization by the Eighth Circuit, this Court finds it necessary to re-impose the restriction Petitioner is surely aware of by now: (1) Petitioner may not send to this District successive § 2255 motions without first obtaining pre-authorization from the Eighth Circuit; and (2) any written materials hereafter received from Petitioner shall be presented to the district judge assigned to the case, **without being filed**, for his or her approval. The Clerk of Court shall not file, or respond to, any future submissions from Petitioner, except as directed by the Court.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Brisbois's R&R of September 20, 2017 [Doc. No. 2] is **ADOPTED** as modified herein;

2. Petitioner's Objections to the R&R [Doc. No. 3] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

4. Any appeal from this dismissal is **CERTIFIED** as not taken in good faith. *See* Fed. R. App. P. 24(a)(3);

5. Petitioner **MAY NOT FILE** any successive § 2255 motions without first obtaining pre-authorization from the Eighth Circuit and he **MAY NOT FILE** further motions without approval of the judge assigned to the case; and

6. The Clerk of Court **SHALL NOT** file, or respond to, anything received from Petitioner Antwoyn Spencer, except as expressly directed by the Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2019    s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge